COLONIZERS' REALTY CO. OF BROOKLYN v. SHATZKIN et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

PLEADING (§ 364*)—STRIKING OUT MATTER.

Where a complaint. after stating a cause of action, contains 16 pages of useless verbiage, such redundant matter will be stricken out on motion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156, 1161; Dec. Dig. § 364.*]

Appeal from Special Term, Kings County.

Action by the Colonizers' Realty Company of Brooklyn, N. Y., against Nahum J. Shatzkin and others. From an order denying a motion to strike out parts of the complaint as immaterial and irrelevant, defendant Shatzkin appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Louis B. Boudin, for appellant.
Stone & Chugerman, for respondent.

GAYNOR, J. The only cause of action that can be spelled out of this monstrosity of a complaint—and that only with the utmost difficulty, and pen in hand—is that the moving defendant, and four other defendants, each of whom is either an officer or a stockholder of the plaintiff, being appointed a committee by it to consider as to the purchase of real estate by it, recommended to the plaintiff and caused it to purchase a tract of land with the owner of which four of them had a contract that if they sold it for him they were to have two-thirds of the profit, which they did not disclose to the plaintiff, and of which it had no knowledge, and that a profit of $2,000 was so made and two-thirds thereof divided among all of the said five defendants; the prayer being that they account for and pay the same to the plaintiff. All else of the complaint, which covers 16 pages of the printed record, is mere useless verbiage, and should be struck out. Courts have of necessity to defend themselves in some way against such pleadings. The plaintiff should have a new complaint competently drawn—one that can be understood—and it will not exceed a page. The present complaint will be a source of useless litigation and expense to the plaintiff for probably a long time if it be not superseded, and in the end may prove fatal

to the plaintiff's case, for it will never serve any purpose except to pro-. mote misunderstanding and confusion. A full analysis of the complaint will be found on an appeal from a judgment overruling a demurrer to this complaint which is decided herewith. 114 N. Y. Supp. 71.

The order should be reversed and the motion granted as to all of the complaint except the part stating the one cause of action.

Order reversed, with $10 costs and disbursements, and motion granted, as to all of the complaint except the part stating the one cause of action. All concur.